IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DBSI SIGNATURE PLACE, LLC, an Idaho limited liability company,<br><br>  Plaintiff,<br><br>v.<br><br>BL GREENSBORO, L.P., a Texas limited partnership, LS NORTHLINE, LLC, a Texas limited liability company, and MARK J. SULLIVAN,<br><br>  Defendants.<br>_____<br>ALLIANCE COMMERCIAL PROPERTIES, LLC, an Idaho limited liability company,<br><br>  Third- Party Plaintiff,<br><br>v.<br><br>DBSI SIGNATURE PLACE, LLC, an Idaho limited liability company; BL GREENSBORO, L.P., a Texas limited partnership,<br><br>  Third-Party Defendants.<br>_____ | Case No. CV 05-051-S-LMB<br><br>ORDER |

Currently pending before the Court is Plaintiff's Motion to Quash Subpoena Deposition

Duces Tecum of Lori Moody (Docket No. 74).  Plaintiff filed its Motion to Quash on January 13,

2006, and the deadline for Defendants to file a response brief has not yet passed.  However, Lori

Moody's deposition is currently scheduled to take place on January 19, 2006, and the Court finds

ORDER -1-

that the decisional process on the pending motion would not be significantly aided by further briefing or oral argument.  *See* D. Idaho L. Civ. R. 6.1 (allowing the court "for cause shown" to shorten any period of time).  Accordingly, having carefully reviewed the record, and otherwise being advised, the Court enters the following Order.

## DISCUSSION

Plaintiff's primary argument is that this Court should quash the Moody subpoena because the time for discovery has passed and, therefore, the subpoena does not allow reasonable time for compliance.  *Memorandum in Support*, p. 3 (Docket No. 74, Att. 1).  Plaintiff contends that Defendants are attempting "to make an end run around the discovery cutoff" and that allowing Defendants to conduct an untimely deposition will unduly burden Plaintiff.  *Id.* at pp. 2-3.  Finally, Plaintiff asserts that "Defendants cannot claim prejudice that stems solely from their own delay in conducting discovery."  *Id.* at p. 3.

The record, however, contains information indicating that it was not just Defendants' delay that caused the scheduling of Lori Moody's deposition on a date past the discovery deadline.  From November 22, 2005 through November 28, 2005, counsel for Plaintiff and counsel for Defendants corresponded by email to determine available dates for scheduling depositions.  *See Graham Affidavit*, Ex. A, pp. 1-4 (Docket No. 71, Att. 1).  On November 30, 2005, an assistant to Defendants' counsel emailed to Robert Burns, Plaintiff's counsel, proposed dates for the depositions of four individuals, including Laura Moody.  *Id.* at Ex. A, p. 4.  The dates proposed by Defendants' counsel included December 27, 28, 29, and 30, dates before the discovery cutoff, as well as dates in January, 2006, after the discovery cutoff.  *Id.*  Later on November 30, 2005,

ORDER -2-

Plaintiff's counsel sent an email to Defendants' counsel in Idaho and Texas.  His email stated, in relevant part, that:

> both Eric Gordon and Rhonda Garland are available Jan. 18-20.
> I'll let you know about Doug Swenson and Mike Attiani and *Lori Moody* . . . as soon as I hear back from my client.  In the meantime, why don't we agree to set Gordon, Garland and Mark Sullivan for Jan. 18-20 in order to get the dates on everyone's calendars. . . . I would like to take Sullivan's deposition on either the 18th or 19th.

*Id.* at Ex. A, p. 5 (emphasis added).

It is clear from this email that, as early as November, 2005, counsel for both sides anticipated that each would be taking depositions past the discovery deadline.[1]  Additionally, Plaintiff's counsel was aware of Defendants' desire to depose Ms. Moody and, indeed, advised Defendants' counsel that he would let them know about dates for the Moody deposition.  Under these circumstances, the Court finds that Plaintiff did not "rely on the Court's mandated discovery schedule" to its detriment, *Memorandum in Support*, p. 3 (Docket No. 74, Att. 1), nor will it unduly burden Plaintiff to comply with the subpoena.  For these reasons, the Court will deny Plaintiff's Motion to Quash.  The Court notes, however, that this ruling relates only to the Moody subpoena and whether other discovery can be taken past the discovery deadline will be determined when ruling on Defendants' pending Motion to Extend Discovery and Pretrial Motion Filing Deadlines (Docket No. 71).

---

[1]  The Court notes that it has granted a stipulation to extend the discovery deadline to allow for the depositions of five individuals.  (Docket Nos. 72, 73).

ORDER -3-

## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Quash Subpoena

Deposition Duces Tecum of Lori Moody (Docket No. 74) is DENIED.



DATED:  **January 18, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

ORDER -4-