IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DBSI SIGNATURE PLACE, LLC, an Idaho limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>BL GREENSBORO, L.P., a Texas limited partnership, LS NORTHLINE, LLC, a Texas limited liability company, and MARK J. SULLIVAN,<br><br>    Defendants. | Case No. CV 05-051-S-LMB<br><br>ORDER |

Currently pending before the Court is Plaintiff's Motion to Strike Cross-Claim of Defendant/Counterclaimant BL Greensboro, L.P. ("Greensboro"). (Docket No. 46). In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending motion would not be significantly aided by oral argument, the Court will address and resolve the motion without a hearing. Having carefully reviewed the record and otherwise being finally advised, the Court enters the following Order.

## DISCUSSION

### A.  Standard of Law

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions, however, are generally viewed with disfavor. *See, e.g., Bassiri v. Xerox Corp.*, 292 F. Supp. 2d 1212, 1220 (C.D. Cal. 2003); *Rosales v. Citibank*, 133 F. Supp. 2d

ORDER -1-

1177, 1180 (N.D. Cal. 2001).  Additionally, the Court should "view the pleading under attack in the light most favorable to the pleader."  *Gay-Straight Alliance Network v. Visalia Unified School Dist.*, 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).

**B.     Discussion**

Plaintiff requests that the Court strike the cross-claim Defendant Greensboro filed on August 12, 2005 "on the grounds that it is wholly redundant to the counterclaim Greensboro previously filed" against Plaintiff on August 9, 2005.  *Motion to Strike*, p. 2 (Docket No. 46).  Both claims are based on Plaintiff's alleged breach of an Assumption Agreement with Greensboro.  *Answer to First Amended Complaint*, pp. 6-7 (Docket No. 43); *Answer to Amended Third-Party Complaint*, pp. 5-6 (Docket No. 44).  Greensboro argues that the claims are not redundant because the cross-claim seeks damages different from the counterclaim, including attorneys' fees and costs related to Greensboro's defense against Alliance Commercial's Third Party Complaint.  *Opposition to Motion to Strike*, p. 4 (Docket No. 52).

After Greensboro made this argument, however, the parties stipulated to dismissal of Alliance Commercial's Third Party Complaint–the Complaint upon which Greensboro brought its cross-claim against Plaintiff.  *Stipulation* (Docket No. 60).  The Court approved the Stipulation and entered an Order dismissing Alliance's Third-Party Complaint.  *Order* (Docket Nos. 62).  The Stipulation and Order both specify that each of the parties will "bear its own costs

ORDER -2-

and attorney fees."[1]  *Id*.  Thus, Greensboro has agreed to bear its own fees and costs related to the cross-claim.  Because these "damages" are the only difference between the counterclaim and cross-claim that Greensboro has asserted, the Court concludes the claims are redundant, even viewing the pleadings in the light most favorable to Greensboro.  Indeed, Greensboro implicitly acknowledges the redundancy of the claims when it states that it anticipates prosecuting both claims "simultaneously."  *Opposition to Motion to Strike*, p. 4 (Docket No. 52).  For these reasons, and because striking the cross-claim will conserve resources avoid confusion of the issues for the jury, the Court will grant Plaintiff's Motion to Strike.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Cross-Claim of BL Greensboro (Docket No. 46) is GRANTED.



DATED: **March 1, 2006**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

---

[1]  The Court expresses no view regarding whether these fees can be claimed as part of the "reasonable" attorneys' fees that may be awarded to the party prevailing on the merits of this action; however, the Court notes that Idaho law allows the Court to consider any "factor which the court deems appropriate in the particular case" when determining the appropriate amount of fees.  Idaho R. Civ. P. 54(e)(1) &(e)(3)(L).